

**PAID**
**5/357-FL**

54

23

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

TED WRIGHT d/b/a ROADSIDE
ASSISTANCE and
ROBERT PETROFF,

      Plaintiffs,

V

COUNTY OF GENESEE,
A governmental entity, CAPTAIN
CHRISTOPHER SWANSON, individually
and in his official capacity as supervisor, and
ROBERT J. PICKELL, individually and in his
Official capacity as Sheriff of Genesee County.

      Defendants.

CASE NO.  **08 - 1 1 0 6 6**
JUDGE

**SEAN F. COX**
**VIRGINIA M. MORGAN**

FILED

2008 MAR 12 A 13: 25

U.S. DIST. COURT CLERK
EAST DIST. MICH.
FLINT

---

Robert L. Swartwood PLLC
Robert L. Swartwood (P59493)
Andrew L. Campbell (P64391)
Attorneys for Plaintiffs
164 W. Vienna St., Suite #1
Clio, Michigan  48420
(810) 397-3151

---

      There is no other civil action between these parties arising out of the same
transaction or occurrence as alleged in this complaint pending in this court,
nor has any such action been previously filed and dismissed or transferred
after having been assigned to a judge, nor do I know of any other civil
action, not between these parties, arising out of the same transaction or
occurrence as alleged in this complaint that is either pending or was
previously filed and dismissed, transferred, or otherwise disposed of after
having been assigned to a judge in this court.

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiffs, Ted Wright d/b/a Roadside Assistance and Robert Petroff,

(hereinafter "Plaintiffs"), by and through their attorneys Robert L. Swartwood PLLC and

1

Andrew L. Campbell, in support of its Complaint against the Defendants, states as follows:

## JURISDICTION, VENUE, AND PARTIES

1. This action arises under 42 USC 1983. Jurisdiction is conferred by 28 USC 1331,1343(3), (4).

2. At all times pertinent, Plaintiff Ted Wright ("Wright") was a resident of Genesee County, Michigan and doing business as ROADSIDE ASSISTANCE, a sole proprietorship, located at 12319 Clio Rd., Clio, and Genesee County, Michigan.

3. Robert Petroff ("Petroff") is an individual residing at 12319 Clio Rd, Clio, Genesee County, Michigan.

4. Defendant Captain Christopher Swanson ("Swanson"), is a resident of Davison, Genesee County, Michigan, and at all material times was employed by the Genesee County Sheriff's Department as a deputy sheriff.

5. Defendant Robert J. Pickell ("Pickell"), is a resident of the Flushing, Genesee County, Michigan, and at all material times was employed by the Genesee County Sheriff's Department as the Sheriff.

6. When the events alleged in this complaint occurred, Defendants were acting within the scope of their employment and under color of law.

7. At all material times, Defendant Genesee County employed both Defendant Swanson and Defendant Pickell and is liable for their acts. The county is also liable because of its policies, practices, and customs, which lead to this complaint of violation.

2

## COMMON ALLEGATIONS

8.  Plaintiffs incorporate by reference all facts and allegations set forth in this
    Complaint.

9.  Plaintiff Wright d/b/a Roadside Assistance was a towing provider to the Office of
    Genesee County Sheriff because agents of the Office of Genesee County Sheriff
    placed it on the no preference wrecker call list.

10. Roadside Assistance complied with all Requirements for Placement on the No
    Preference Wrecker Call List.  (See Exhibit 1).

11. Upon information and belief, The Genesee County Sheriff's Department began an
    investigation of Plaintiff Petroff, an employee of Roadside Assistance.

12. The investigation, Case #07-5819, related to a vehicle that Plaintiff Petroff had
    owned.

13. Plaintiff Petroff had visited the Sheriffs Department during the Fall of 2007, and
    filed a complaint about his vehicle that had been stolen from a Clio are Car
    Dealership.

14. Upon information and belief, sometime during the Fall of 2007, the Office of
    Genesee County Sheriff began to urge Plaintiff Petroff to submit to both an in-
    person interview with Sgt. Dwyre and a polygraph test.

15. Plaintiff Petroff contacted his attorney that had been working on a civil matter
    related to the vehicle that was later stolen, to determine if submission to a
    polygraph and an in-person interview was in Plaintiff Petroff's best interest.

3

2:08-cv-11066-SFC-VMM   Doc # 1   Filed 03/12/08   Pg 4 of 23   Pg ID 4

16. Upon information and belief, Plaintiff Petroff's attorney, Terry Adler, contacted
the Office of Genesee County Sheriff and informed them that Mr. Petroff would
gladly cooperate and submit to an interview as long Attorney Adler was present.

17. Upon information and belief, Sgt. Dwyre is highly experienced in interviewing
suspects in crimes, including being highly experienced in interviews that involve
use of a polygraph.

18. Captain Swanson refused Plaintiff Petroff's offer to submit to an interview
conditional upon being accompanied by his attorney.

19. Upon information and belief, Captain Swanson knew that Plaintiff Petroff was
not the owner of Roadside Assistance and knew that Plaintiff was merely an
employee.

20. Captain Swanson sent a letter dated November 21, 2007 addressed to Attorney
Adler informing him that if Plaintiff Petroff refused to be interviewed it be
deemed a, "failure to cooperate in an active investigation." (See Exhibit 2).

21. Upon information and belief, the investigation conducted had no relation to
Plaintiff Wright or to Roadside Assistance other than the fact that Plaintiff Petroff
was an employee of that company.

22. Knowing that Plaintiff Petroff was actively being represented by an attorney,
Captain Swanson directed a deputy of the Genesee County Sheriff's Department
to hand deliver a letter to Plaintiff Petroff at his place of employment.

23. The letter dated December 3, 2007, was addressed to Robert Petroff, Roadside
Towing, 12319 Clio Rd., Clio, Michigan. (See Exhibit 3).

4

24. The letter was drafted on the letterhead of the "Office of Genesee County
    Sheriff".

25. The letter stated that Plaintiff Petroff, "needed to follow through your complaint
    and be interviewed by Sgt. Dwyre. As of this writing, you have not done so. Your
    resistance is considered highly suspicious." (See Exhibit 3).

26. In the same letter addressed to Plaintiff Petroff, Defendant Swanson directed that
    Roadside Assistance Towing's services as an Office of Genesee County Sheriff's
    towing provider was terminated.

27. Upon information and belief, Defendant Swanson's intentions in having the letter
    hand-delivered to Plaintiff Petroff, bypassing his attorney, was an attempt to
    intimidate Plaintiff Petroff and compel him to submit to an interrogation by Sgt.
    Dwyer.

28. Upon information and belief, Defendant Swanson's intentions in delivering the
    letter to Plaintiff Petroff at his place of employment was not only retaliatory in
    nature for exercise of his Constitutional Rights but also an attempt to force
    Plaintiff Petroff to submit to police demands or be fired.

29. Upon information and belief, Defendant Swanson's intentions in terminating
    Plaintiff Wrights Roadside Assistance was a retaliatory effort to punish Plaintiff
    Petroff for enforcing his rights under the Fifth Amendment of the Constitution.

30. Plaintiff Wright contacted the Sheriff's Department to attempt to clarify that
    Roadside Assistance was not owned or operated by Plaintiff Petroff and that
    Petroff was merely an employee and that the alleged crime in question had
    nothing to do with his employment.

31. Plaintiff Petroff's attorney drafted and delivered a letter dated December 7, 2007 to Captain Swanson attempting to clarify the situation and offering the Genesee County Sheriff's Office a chance to rectify the situation. (See Exhibit 4).

32. The Sheriff's Department did not respond to Plaintiff Wright's pleas.

33. Since December 3, 2007 Roadside Assistance has received no business from the Office of Genesee County Sheriff and although being purchased in February 2008, has suffered a great deal of damages as a result of these improper actions.

34. During the month of November, Plaintiff Wright was engaged in serious negotiations with an individual interested in buying Plaintiff's business ("initial prospective buyer").

35. The letter sent by Captain Swanson and the resulting harm suffered as a result of arbitrarily being taken off the list of no preference-towing providers brought an immediate halt to all negotiations.

36. As a result of this action, Plaintiff Roadside Assistance has suffered a loss ranging from $100 / day to $1,000/day.

37. As a direct result of Defendants actions, Plaintiff Petroff lost his employment with Roadside Assistance.

38. The initial prospective buyer of Plaintiff's business has since suspended the sale until the matter is resolved.

39. Plaintiff Wright, in an effort to make ends meet and mitigate his damages, decided to sell his business to another entity in February, 2008 for far less than the original deal discussed in the Fall of 2007.

## COUNT I

## FIFTH AMENDMENT VIOLATIONS

40. Plaintiffs incorporate by reference all facts and allegations set forth in this Complaint.

41. Plaintiff's Petroffs' constitutionally protected rights that Defendants violated include the following:

   a. The right against self-incrimination.

   b. The right to not be deprived of life, liberty, or property, without due process of law.

42. Defendants, acting under color of state law, took Plaintiff Wrights' business Roadside Assistance, off of the no-preference call list because of and in retaliation for Plaintiff Petroff decision to exercise his right against self-incrimination.

43. Defendants, acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's Petroff's constitutional rights. Further, their actions in failing to respond to Plaintiff Wright's pleas for assistance and clarification and the failure to conduct a review or allow Plaintiff to appeal this decision all were a deprivation of his constitutionally protected rights.

7

44. As a direct and proximate result of Defendant deputies' conduct, Plaintiff Wright and Plaintiff Petroff suffered economic injury, and other constitutionally protected rights described above.

45. Defendant Genesee County's Sheriff's Department, acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiff Wright and Plaintiff Petroff.

46. As a direct and proximate result of these policies, practices, and customs, Plaintiff Wright and Plaintiff Petroff were deprived of their constitutionally protected rights described above.

PLAINTIFFS REQUEST that this court enter judgment against Defendants in an amount consistent with the damages sustained.

## COUNT II

## DUE PROCESS VIOLATIONS

47. Plaintiffs incorporate by reference all facts and allegations set forth in this Complaint.

48. This Court has jurisdiction to decide this claim pursuant to the Fourteenth Amendment of the United States Constitution, 42 USC Section 1983, and 28 USC section 1331 and section 1343.

49. Upon information and belief, no review by a board or other body was conducted by the Genesee County Sheriff's Department before this decision was made to terminate Plaintiff Wright and Roadside Assistance from the no preference call list.

50. Upon information and belief, no review by a board or other body was conducted by the Genesee County Sheriff's Department after this decision was made to terminate Plaintiff Wright and Roadside Assistance from the no preference call list.

51. Plaintiff was damaged by the Genesee County Sheriff's Departments failure to a review of the decision before or after the termination.

PLAINTIFFS REQUEST that this court enter judgment against Defendants in an amount consistent with the damages sustained.

## COUNT III

## INTENTIONAL INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS BETWEEN PLAINTIFF TED WRIGHT d/b/a ROADSIDE ASSISTANCE AND ROADSIDE ASSISTANCE'S PROSPECTIVE CUSTOMERS

52. Plaintiffs incorporate by reference all facts and allegations set forth in this Complaint

53. The letter referred to in Paragraph and attached as exhibit 2 was mailed to the registered, legal address of Roadside Assistance.

54. The letter falsely accused Plaintiff Petroff of engaging in highly suspicious conduct, unethical and unlawful behavior, and resulted in the termination of any

9

future customers that could be referred to Plaintiff Ted Wright from the Sheriffs no preference call list.

55. The letters discussed in paragraphs 20 was hand delivered to Roadside Assistance from the Sheriff's Department on official letterhead with whom Plaintiff had a contract or business relationship or expectancy.

56. The business relationships and expectancies had a reasonable likelihood of future economic benefit for Plaintiff Ted Wright.

57. Defendant Swanson knew of the contracts and business relationships and expectancies between Plaintiff and its customers.

58. By its conduct described in paragraphs 20, Defendant Swanson intentionally and improperly interfered with the contracts and business relationships and expectancies between Plaintiff and its customers.

59. The letters described in paragraphs 20 were intended to, and did, interfere with the contracts and business relationships and expectancies, causing their breach, disruption, or termination.

60. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff Ted Wright has suffered substantial economic injury, loss of goodwill, harm to its business reputation, loss of esteem and standing in the community, potential loss of profits in a sale that was pending and loss of business opportunities.

PLAINTIFFS REQUEST that this court enter judgment against Defendants in an amount consistent with the damages sustained.

## COUNT IV

## INTENTIONAL INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS BETWEEN PLAINTIFF TED WRIGHT d/b/a ROADSIDE ASSISTANCE AND THE INITIAL PROSPECTIVE BUYER

61. Plaintiffs incorporate by reference all facts and allegations set forth in this Complaint.

62. The letter referred to in Paragraph and attached as exhibit 2 was mailed to the registered, legal address of Roadside Assistance.

63. The letter falsely accused Plaintiff Petroff of engaging in highly suspicious conduct, unethical and unlawful behavior, and resulted in the termination of any future customers that could be referred to Plaintiff Ted Wright from the Sheriffs no preference call list.

64. The letters discussed in paragraphs 20 was hand delivered to Roadside Assistance from the Sheriffs Department on official letterhead with whom Plaintiff had a contract or business relationship or expectancy.

65. The business relationships and expectancies had a reasonable likelihood of future economic benefit for Plaintiff Ted Wright.

66. Defendant Swanson knew of the contracts and business relationships and expectancies between Plaintiff and its customers.

## COUNT V

## INTENTIONAL INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS BETWEEN PLAINTIFF ROBERT PETROFF AND PLAINTIFF TED WRIGHT d/b/a ROADSIDE ASSISTANCE AND PLAINTIFF ROBERT PETROFF

67. Plaintiffs incorporate by reference all facts and allegations set forth in this Complaint

68. The letter referred to in Paragraph and attached as exhibit 2 was mailed to the registered, legal address of Roadside Assistance.

69. The letter falsely accused Plaintiff Petroff of engaging in highly suspicious conduct, unethical and unlawful behavior, and resulted in the termination of any future customers that could be referred to Plaintiff Ted Wright from the Sheriffs no preference call list.

70. The letters discussed in paragraphs 20 was hand delivered to Roadside Assistance from the Sheriffs Department on official letterhead with whom Plaintiff had a contract or business relationship or expectancy.

71. The business relationships and expectancies had a reasonable likelihood of future economic benefit for Plaintiff Petroff and Plaintiff Ted Wright.

72. Defendant Swanson knew of the contracts and business relationships and expectancies between Plaintiff Wright and Plaintiff Petroff

PLAINTIFF REQUESTS that this court enter judgment in its favor and against Defendant for compensatory damages in an amount in excess of $75,000 that is

12

sufficient to compensate Plaintiffs for their actual, consequential, and incidental losses, including lost profits, lost wages, sustained as a result of Defendant's wrongful actions, plus interest, costs, and reasonable attorney fees.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues which may be determined by a jury.

ROBERT L. SWARTWOOD PLLC

By: /s/ _____

Robert L. Swartwood (P59493)

Dated: February 18, 2008        Andrew L. Campbell (P64391)

Attorneys for Plaintiffs

164 W. Vienna St., Suite #1

Clio, Michigan  48420

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

## EXHIBITS INDEX

EXHIBIT                    DESCRIPTION

Exhibit 1                  Wrecker Dispatch Policy (Pages 1 thru 4)

Exhibit 2                  Letter from Captain Christopher Swanson of the Genesee
                           County Sheriff's Department addressed to Attorney Terry Adler

Exhibit 3                  Letter from Captain Christopher Swanson of the Genesee
                           County Sheriff's Department addressed to Robert Petroff

Exhibit 4                  Letter from Attorney Terry Adler addressed to Captain
                           Christopher Swanson of the Genesee County Sheriff's
                           Department



# Office of Genesee County Sheriff

**Robert J. Pickell - Sheriff**
**James Gage - Undersheriff**
**Joan Snyder - Administrative Secretary**
**1002 S. Saginaw, Flint, MI 48502**
**(810) 257-3406**
**(810) 257-3077 FAX**

## MEMORANDUM

Date:     May 19, 2006

TO:       Genesee County Wrecker Company

FROM:     Captain Christopher Swanson

**SUBJECT:    Wrecker Dispatcher Policy 2006**

Enclosed you will find a comprehensive policy that has been drafted to ensure all companies are held to the same standard of service. Please review the policy and make the necessary changes to your business as needed. Physical inspections will begin on July 1, 2006. During that time the requirements will be reviewed in detail as well as a formal acknowledgement to comply with the policy in full.

Thank you for your committed service to this department. Your support does not go unnoticed. If you should need further information please call me at 424-4456.

g/kkendall/captainswanson/wreckerpolicy2006

Plaintiff Exhibit 1
Page 1

# GENESEE COUNTY SHERIFF'S OFFICE
## WRECKER DISPATCH POLICY

This policy outlines standards, operational procedures and documentation that are required of wrecker (vehicle towing) services which are included in this Office's no preference call list. Included are guidelines to provide for the efficient and equitable delivery of qualified and courteous towing services to protect the safety of people and property.

## REQUIREMENTS FOR PLACEMENT ON NO PREFERENCE WRECKER CALL LIST

1. The wrecker service shall have the required Michigan Public Service Commission ("MPSC") authority and shall provide a copy of the Certificate of Authority with its application to be placed on the Sheriff's Office ("the Office") no preference call list. The wrecker service shall also provide the Traffic Lieutenant with a copy of its notice from MPSC that the service's authority has been renewed as required.

2. While listed on the wrecker call list, the wrecker service shall comply with this policy, all rules and regulations prescribed by the MPSC, local ordinances, zoning requirements, and state laws pertaining to this type of business.

3. If notice is received from the MPSC that insurance coverage is no longer in effect, the wrecker service shall immediately be removed from all no preference wrecker call lists until MPSC notifies the Office that the wrecker service is in compliance with insurance requirements.

4. The wrecker service shall ensure that drivers and equipment used in response to Office dispatches are qualified under the provisions of the Motor Carrier Safety Act, 1963 PA 181, and the Michigan Vehicle Code, 1949 PA 300, as amended.

5. The wrecker service shall comply with all applicable provisions of MCL 257.252a-g as it applies to abandoned vehicles.

6. The wrecker service shall abide by all laws when responding to a dispatch, including, but not limited to, when towing vehicles. This includes equipment and traffic laws.

7. The wrecker service agrees to properly maintain its trucks and clearly mark them as required by state law. The trucks shall not bear markings which would suggest or indicate they are police vehicles.

Plaintiffs' Exhibit 1
Pag. 2

8.    The wrecker service agrees that intentional violations of Chapter 11 of the Michigan Vehicle Code for financial gain will result in its immediate removal from the no preference wrecker call list and criminal prosecution where applicable.

    The wrecker service shall be physically located and staffed within the township as to which the service requests placement on the call list. Post office box numbers shall not be accepted. All necessary equipment and storage facilities shall be located in that township. Exceptions may be made for specialized equipment needs, as dictated by unusual conditions.

10.    The wrecker service shall provide 24-hour, seven-day-a-week service, having at least one wrecker available unless another schedule is deemed appropriate by the Traffic Lieutenant.

11.    The wrecker service shall provide reasonably secure storage for any vehicle the Office requests to be towed.

12.    Response time to dispatches by the Office shall be reasonable.

13.    Drivers and other representatives of the wrecker service shall exhibit professional and courteous service to the public.

14.    The wrecker service shall remove from the scene all glass, debris and other harmful substances such as antifreeze, oil and gasoline. If the wrecker service determines that hazardous material or substance removal is required, it shall promptly notify the Office for an appropriate dispatch.

15.    Reasonable rates based on industry standards shall be used for all services provided.

16.    The wrecker service shall neither conceal nor misrepresent any material facts when applying for placement on the call list or performing services when dispatched.

17.    The wrecker service shall provide all of the following information with its application (handwritten documents will not be accepted):

   a.  Name and physical address of business.
   b.  Storage/impound address, if different from physical address.
   c.  Whether the storage facility is inside, outside, or both.
   d.  Type of services offered and any specialty services (e.g., heavy wreckers, air bags), including training certificates of employees.
   e.  Normal business hours for wrecker services, if not 24/7, and for storage/impound services.
   f.  Business telephone number.
   g.  24/7 telephone number, if different.
   h.  Owner name, address and personal telephone number (residence and/or cell), and years of experience in towing.
   i.  A copy of its MPSC Certificate of Authority and current insurance policy declaration or certificate.
   j.  A copy of property lease agreement, if service is a lessee of its business location.
   k.  A typed list of the wrecker service's current rates for services.

*Plaintiff's Exhibit 1*
*Page 3*

The service is responsible for updating application information as necessary within a reasonable time. Failure to notify the Office of changes of application information may result in removal from the no preference call list.

18.     The Sheriff, the Office, nor any Office employees shall be held responsible for liabilities incurred while the wrecker service is providing service for which it was dispatched by the Office. The wrecker service agrees to indemnify, defend, and hold harmless the Sheriff, the Office and its employees from and against any and all claims made by a third party, including, but not limited to, injury death, damages, or loss of property, arising from negligent or intentional acts or omissions by the wrecker service or its employees.

In consideration for placement on the Sheriff's Office no preference wrecker service call list, the undersigned wrecker service understands and agrees to adhere to the above requirements and conditions. Failure to comply with all of these requirements or misrepresented or falsified information shall be cause for removal from the wrecker call list.

[your signature form here]

Plaintiffs Exhibit 1
Page 4

 # Office of Genesee County Sheriff

**Robert J. Pickell - Sheriff**
**James Gage - Undersheriff**
**1002 S. Saginaw, Flint, MI 48502**
**(810) 257-3406**
**(810) 257-3077 FAX**

November 21, 2007

Mr. Terry Adler
Attorney
10751 S. Saginaw Street
Grand Blanc, MI 48439

Dear Mr. Adler:

This memo serves as a final attempt to set up an interview with Robert Petroff, the complainant, involving Case #07-5819. Previous dialogue with Sgt. Dwyre should not be mistaken as an attempt to have Mr. Petroff submit to a polygraph, rather, an opportunity to get further information about this case from the victim's perspective.

Upon receipt of this memo, you need to contact Sgt. Dave Dwyre at 810-424-4346 for an appointment. Refusal to do so, clearly shows a failure to cooperate in an active investigation.

Sincerely,

CHRISTOPHER SWANSON
CAPTAIN

cc:     Robert Petroff

pc:I1121adler

*Plaintiff Exhibit 2*



# Office of Genesee County Sheriff

Robert J. Pickell - Sheriff
James Gage - Undersheriff
1002 S. Saginaw, Flint, MI 48502
(810) 257-3406
(810) 257-3077 FAX

December 3, 2007

Mr. Robert Petroff
Roadside Towing
12319 Clio Rd.
Clio, MI 48420

Dear Mr. Petroff:

I sent you a certified letter giving you Notice that you needed to follow through your complaint, and be interviewed by Sgt. Dwyre. As of this writing, you have not done so. Your resistance is considered highly suspicious.

That said, your services as an Office of Genesee County Sheriff's towing provider are terminated.

Sincerely,

CHRISTOPHER SWANSON
CAPTAIN

pc:l1203petroff

*Plaintiff Exhibit 3*

# TERRY J. ADLER, PLLC

Attorney at Law - 10751 S. Saginaw St., Ste. P - Grand Blanc, Michigan 48439-8169 - 810-695-0100 - Fax 810-695-6727

December 7, 2007

Captain Christopher Swanson
Genesee County Sheriff's Department
1002 S. Saginaw St
Flint, MI 48502

    RE:    *Petroff v Clio Chrysler Dodge Jeep, Inc.*
          *Case No. 07-86648-CP*
          *Your Case # 07-5819*

Dear Captain Swanson:

    I have tried contacting you by telephone regarding this case, this past week, but have only been able to leave a message on your voice mail that I called. I do understand that you tried to contact me on December 3, but that I was out of the office. I did return your call, but you were apparently busy, because I again had to leave a message on your voice mail.

    I received a copy of your December 3, 2007, letter that you had hand delivered to my client by a deputy. Again, I am at a loss to understand your motivations and actions in terminating my client's employer's towing service from the Sheriff's Department towing rotation list. Perhaps you could explain. Are you inflicting a sanction against my client's employer because my client is insisting on his Constitutional rights? Alternatively, is this a way of coercing my client into waiving his rights because he may be terminated from his employment when his employer loses business?

    I have been informed that your actions against my client's employer have had a potentially negative impact on his employer's attempt to sell the business. I would demand that you immediately return the employer, Roadside Towing, to the Sheriff's towing rotation list, and that you see to it that the business is given the same average number of towing calls that all members of the list are given. In other words, Roadside Towing should suffer no sanction because one of its employees has insisted upon his Constitutional rights. I further demand that you provide me with conformation that you have returned Roadside Towing to the status of being in good standing on the Sheriff's towing rotation list.

    I am surprised that you have again contacted my client, knowing that he is represented by counsel, and knowing further that he has indicated that he would not talk with you outside of the presence of his attorney. In all of the years that I have practiced in this community, I have never known the Sheriff's department to act in this manner. Is there something going on in the background that is resulting in this behavior?

    I await your response.

                Very truly yours,

                Terry J. Adler

/tj

*Plaintiff Exhibit 4*

⊗JS 44 (Rev. 12/07)                    **CIVIL COVER SHEET**   County in which action arose _Genesee_

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Ted Wright d/b/a Roadside Assistance
Robert Petroff

**(b)** County of Residence of First Listed Plaintiff _Genesee_
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number) Robert L. Swartwood PLLC
Robert L. Swartwood 164 W. Vienna St. Suite 2, Clio MI 48420
Andrew I. Campbell 164 W. Vienna St. Suite 2, Clio MI 48420

**DEFENDANTS** County of Genesee
Robert J. Pickell
Christopher Swanson

SEAN F. COX
VIRGINIA M. MORGAN

County of Residence of First Listed Defendant _Genesee_
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
42 USC 1983
Brief description of cause:
Deprivation of civil rights based on actions by sheriff

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE                          DOCKET NUMBER

DATE
3/12/2008
SIGNATURE OF ATTORNEY OF RECORD
_Andrew I. Campbell_

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# PURSUANT TO LOCAL RULE 83.11

1.    Is this a case that has been previously discontinued or dismissed?        □ YES  ☑ NO

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.    Other than stated above, are there any pending or previously discontinued
or dismissed companion cases in this or any other court, including state
court?  (Companion cases are matters in which it appears substantially
similar evidence will be offered or the same or related parties are present
and the cases arise out of the same transaction or occurrence.)        □ YES  ☑ NO

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

_____

**NOTES:**