UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TED WRIGHT d/b/a ROADSIDE
ASSISTANCE and ROBERT PETROFF,

    Plaintiffs,

v.

GENESEE COUNTY CORPORATION,
a governmental entity, CAPTAIN
CHRISTOPHER SWANSON, individually
and in his official capacity, and SHERIFF
ROBERT J. PICKELL, individually and
in his official capacity,

    Defendants.
_____/

Case No. 08-11066

HONORABLE SEAN F. COX
United States District Judge

## ORDER

The instant action is before the Court on Defendant's "Motion to Set Aside Case Evaluation Acceptance by Defendants" [Doc. No. 40]. On March 23, 2009, the matter underwent case evaluation, which resulted in an award for both Plaintiffs. [Doc. No. 40, ¶1]. Defendants argue that their acceptance of the case evaluation settlement was in error, due to their belief "when they accepted case evaluation, that the amount of the case evaluation award was one-half of the actual award." *Id*. at ¶4.

The Court's January 7, 2009 "Order of Reference to Mediation Tribunal Association" [Doc. No. 19] states that "The Court on its own motion has selected this case for mediation." The January 7, 2009 Order further states that the action was submitted for case evaluation "under Local Rule 16.3." That Local Rule states, in pertinent part:

    The parties may stipulate to procedural rules for mediation. The stipulation may

1

> include, by way of illustration, ***binding mediation***, special mediation, binding special mediation, and the award of attorney fees as a sanction. In a special mediation, the parties control selection of the mediators.

L.R. 16.3(c)(2) (emphasis added).

Nowhere within the Court's Order [Doc. No. 19] is there any indication that the March 23, 2009 case evaluation would be binding on either party. Furthermore, L.R. 16.3 specifically contemplates that binding mediation would need to have been stipulated to by all parties involved in the action. As no such stipulation exists in this case, the Court holds that the March 23, 2009 case evaluation was not binding on any of the parties. As the case evaluation was not binding, Defendants' acceptance of that evaluation is similarly not binding.

For these reasons, Defendants' "Motion to Set Aside Case Evaluation Acceptance by Defendants" [Doc. No. 40] is **MOOT**.

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: May 21, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 21, 2009, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager